# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

FRANKIE WILLIAMS,
ADC #95949                                                                              PLAINTIFF

v.                                         2:11-cv-00053-BSM-JJV

CORRECTIONAL MEDICAL
SERVICES, *et al.*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Frankie Williams, a state inmate at the East Arkansas Regional Unit (EARU) of the Arkansas Department of Correction, filed this *pro se* action alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Plaintiff submitted an Amended Complaint in accordance with the Court's Order of March 28, 2011 (Doc. No. 4).  Having reviewed the Amended Complaint, the Court finds that Defendants Correctional Medical Services and Dottie Yarbrough should be dismissed for failure to state a claim upon which relief may be granted.

## I.      SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## II.    FACTS AND ANALYSIS

In his Amended Complaint, Plaintiff alleges that Defendants Hughes and Ball failed to provide him with needed pain medication and failed to appropriately treat his medical condition.  He also alleges Defendants Burl, Hobbs and Kelly failed to respond to his written requests for help.  He does not, however, allege any unconstitutional actions by Defendants Correctional Medical Services or Yarbrough.  The Court noted in its March 28, 2011, Order

that Correctional Medical Services should be dismissed absent any specific allegations of an unconstitutional practice or policy (Doc No. 4).   However, in his Amended Complaint, Plaintiff does not mention Correctional Medical Services at all (other than to identify a Defendant as one if its employees) and does not mention any policies or violations of such. In addition, although he mentions Dottie Yarbrough (who was not a named Defendant in the Complaint), he states only that Defendant Kelly "should of contacted the manager over the Brickeys CMS staff Dottie Yarbrough to advise any medical provider I was seeing to provider me with pain medication. . . ." (Doc. No. 7 at 5).   Plaintiff does not allege any actions or inactions by Defendant Yarbrough.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants Correctional Medical Services and Dottie Yarbrough be DISMISSED from this action for Plaintiff's failure to state a claim upon which relief may be granted.

DATED this 5th day of May, 2011.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE