**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

FRANKIE WILLIAMS,                                                                  PLAINTIFF
ADC #95949

v.                                          2:11-cv-00053-BSM-JJV

CORRECTIONAL MEDICAL
SERVICES; *et al*.                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.

If the objection is to a factual finding, specifically identify that finding and the evidence that

supports your objection.  An original and one copy of your objections must be received in

the office of the United States District Court Clerk no later than fourteen (14) days from the

date of the findings and recommendations.  The copy will be furnished to the opposing party.

Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a new hearing for this purpose before either the District

Judge or Magistrate Judge, you must, at the time you file your written objections, include the

following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.     INTRODUCTION

Before the Court is a Motion for Judgment on the Pleadings filed by Defendants Kelly, Burl, and Hobbs (Doc. No. 48).  On June 14, 2012 (Doc. No. 50), this Court gave Plaintiff the opportunity to respond to the Motion within fourteen days and Plaintiff has not responded.[1]

Frankie Williams is a state inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC).  He filed this action against Defendants pursuant to 42

---

[1]Local Rule 5.5(c)(2) provides, "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ...If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice...."

2

U.S.C. § 1983, alleging denial of pain medication for a medical condition involving his testicles and abdomen.  Plaintiff specifically alleged in his Amended Complaint that when he arrived at the EARU, he experienced blood in his urine and pain in the lower abdomen and testicles.  (Doc. No. 7 at 4.)   After the medical personnel failed to prescribe requested pain medication, Plaintiff wrote Medical Director Wendy Kelly several times about his condition, but she did not resolve the situation.  (*Id*. at 5.)  He also received no response to his requests for help from Warden Burl and ADC Director Ray Hobbs.  (*Id*. at  6.)  Plaintiff seeks damages from Defendants for their failure to respond to his requests for help.  The Court previously dismissed Drs. Joseph Hughes and Don Ball from this action (Doc. No. 33).

## II.      MOTION FOR JUDGMENT ON THE PLEADINGS

The applicable standard of review on a motion for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c) is the same as that on a motion to dismiss under FED.R.CIV.P. 12(b)(6). *See Shaw v. Rolex Watch U.S.A., Inc.,* 745 F. Supp. 982, 984 (S.D.N.Y.1990).  That is, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic  Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).

Defendants state Plaintiff fails to state a claim upon which relief may be granted, because negligence and disagreement over the course of medical treatment are not constitutional violations. *Stephens v. Johnson*, 83 F.3d 198, 200-201 (8th Cir. 1996); *Smith*

*v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990).  They specifically point to the Order dismissing claims against Drs. Hughes and Ball, in which the Court concluded Plaintiff's allegations did not support a claim for deliberate indifference (Doc. No. 31 at 5).[2]

The Court agrees with Defendants Kelly, Burl, and Hobbs.  In light of the ruling that Plaintiff's allegations against Drs. Ball and Hughes sounded in negligence and a disagreement over their treatment decisions, his allegations against these Defendants for failure to respond to his complaints fail to support a claim on which relief may be granted.[3] The "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)).

In addition, "'if any claim of medical indifference . . . is to succeed, it must be brought against the individual[s] directly responsible for [plaintiff's] medical care.'" *Keeper*, 130 F.3d at 1314 (quoting *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994)) (other citations omitted).  Therefore, the Court finds as a matter of law that Plaintiff's claims against Defendants Kelly, Burl, and Hobbs should be dismissed for failure to state a claim upon which relief may be granted.

## III.   CONCLUSION

---

[2]The Court notes that Plaintiff also failed to file a Response in opposition to the Motion to Dismiss by Drs. Ball and Hughes.

[3]This conclusion is further supported by Plaintiff's failure to respond to any of Defendants' Motions, and his failure to object to the August 9, 2011, Proposed Findings and Recommendation to dismiss Drs. Hughes and Ball (Doc. No. 31).

IT IS, THEREFORE, RECOMMENDED that:

1.      The Motion for Judgment on the Pleadings by Defendants Kelly, Burl, and Hobbs (Doc. No. 48) be GRANTED and the Complaint against these Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 17th day of July, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE